UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HARRISON TOWNSHIP BOARD OF EDUCATION, | |
| Plaintiff, | CIVIL ACTION NO. |
| vs. | _____ |
| SELENA CALLAN AND COLLEEN CLEMENT, | CIVIL COMPLAINT |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Harrison Township Board of Education ("Plaintiff"), by and through its undersigned counsel, Parker McCay, P.A., hereby files this Complaint against Defendants, Selena Callan ("Defendant Callan") and Colleen Clement ("Defendant Clement") (collectively "Defendants") and alleges as follows:

### PARTIES

1. Plaintiff is a public entity organized and existing under the laws of the State of New Jersey and is located at 120 N. Main Street, Mullica Hill, New Jersey.

2. Defendant Callan is an adult individual with a last known residence of 911 Stockton Drive, Mullica Hill, New Jersey.

3. Defendant Clement is an adult individual with a last known residence of 26 Forrest Drive, Turnersville, New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this civil action arises under 18 U.S.C. § 1030.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1367, providing supplemental jurisdiction over the state law claim brought in this action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that, upon information and belief, Defendants reside in this judicial district.

7. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that the events giving rise to this litigation occurred in this judicial district.

## STATEMENT OF FACTS

8. Defendant Clement was hired by Plaintiff on September 1, 2008 as a Special Education Teacher.

9. Defendant Callan was hired by Plaintiff on September 1, 2015 as a Special Education Teacher.

10. As Special Education Teachers for Plaintiff, Defendants were involved with Individualized Education Plans ("IEPs") for students in Defendants' classes.

11. An IEP is a plan required by New Jersey law for students deemed eligible for special education and related services.

12. The IEPs for eligible students of Plaintiff, and other related materials, are kept in a secure computer software system known as RealTime and/or on Plaintiff's secure Google Drive.

13. Plaintiff also has other school related records and data stored on its Google Drive.

14. Plaintiff gives certain employees access to RealTime and its Google Drive, based on the information each employee is entitled to access.

15. Only employees given access by Plaintiff may access the information, data, and records on RealTime and the Google Drive.

16. Access to IEPs and related materials maintained on Plaintiff's RealTime and Google Drive is restricted to only employees of Plaintiff with a need to access such information, in order to maintain the confidentiality and security of such materials.

17. As Special Education Teachers for Plaintiff, Defendants had access to Plaintiff's RealTime and Google Drive records related to their classroom assignments.

18. On May 11, 2018, Plaintiff sent Defendant Callan a notice of non-renewal informing her that Plaintiff was not renewing her employment for the 2018-2019 school year ("Notice of Non-Renewal").

19. On August 26, 2018, Defendant Clement submitted her resignation of employment with Plaintiff.

20. The 2017-2018 school year ended on June 18, 2018.

21. After receiving her Notice of Non-Renewal, unbeknownst to Plaintiff and without Plaintiff's authorization, Defendant Callan accessed Plaintiff's Google Drive and shared access with her personal Gmail account.

22. At some point between May of 2018 and August of 2018, Defendant Callan became employed by the Pittsgrove Township Board of Education.

23. In August of 2018, unbeknownst to Plaintiff and without authorization, Defendant Callan accessed Plaintiff's Google Drive via her personal Gmail account, and gave access to Plaintiff's Google Drive to her Pittsgrove School District email account.

3

24. After the 2017-2018 school year ended, and after receiving her notice of non-renewal for the 2018-2019 school year, Defendant Callan accessed confidential IEP and related student documents of Plaintiff, and other records, data, and information of Plaintiff via Plaintiff's RealTime and Google Drive.

25. Defendant Callan not only continued to access and obtain Plaintiff's records, data, and information after the 2017-2018 school year ended and after receiving the Notice of Non-Renewal, but Defendant Callan also continued to access Plaintiff's records, data, and information during the 2018-2019 school year while employed by Pittsgrove Township Board of Education, again unbeknownst to Plaintiff at the time.

26. Defendant Callan did not have authorization from Plaintiff to access and obtain such documents, data, and information.

27. At the time, Plaintiff was unaware of Defendant Callan's access to such documents, data, and information.

28. Upon information and belief, Defendant Callan also altered records, information, and data in Plaintiff's Google Drive, without authorization from Plaintiff.

29. Defendant Callan was not entitled to access, obtain, or alter such documents, data, and information in Plaintiff's RealTime and Google Drive.

30. After resigning from employment with Plaintiff, Defendant Clement also attempted to and did access and take confidential IEP and related student documents of Plaintiff, and other records, data, and information of Plaintiff via Plaintiff's RealTime and Google Drive, unbeknownst to Plaintiff at the time.

31. Defendant Clement was not entitled to access and obtain such documents, data, and information from Plaintiff's RealTime and Google Drive.

32. Defendants in concert with each other, without authorization by Plaintiff, attempted to access and did access Plaintiff's RealTime and Google Drive, and took and altered Plaintiff's information, records, and data from June 2018 through March 2019.

33. Defendants worked together to covertly access and take such records, information, and data from Plaintiff's RealTime and Google Drive.

34. Defendants shared with each other the records, data, and information they took from Plaintiff's RealTime and Google Drive.

35. As a result of Defendants' aforementioned conduct, Plaintiff had to expand many hours of personnel time to investigate the unlawful conduct of Defendants.

36. As a result of Defendants' aforementioned conduct, Plaintiff had to hire a computer forensics investigator to investigate Defendants unlawful conduct.

37. As a result of Defendants' aforementioned conduct, Plaintiff will likely need to inform parents that confidential student records were improperly accessed and taken from Plaintiff.

## COUNT I
### Plaintiff v. Defendants
### Violation of the Computer Fraud and Abuse Act (18 U.S.C § 1030 *et seq.*)

38. Plaintiff repeats and realleges each and every foregoing allegation as if fully set forth at length herein.

39. Defendants intentionally and willfully accessed Plaintiff's protected computers without authorization.

40. Defendants intentionally and willfully obtained data, information, and records belonging to Plaintiff from Plaintiff's protected computers, without authorization.

41. Defendants intentionally and willfully exceeded their authorization in accessing Plaintiff's protected computers.

42. Defendants intentionally and willfully exceeded their authorization in obtaining Plaintiff's data, information, and records from Plaintiff's protected computers.

43. As a result of Defendants' conduct, Plaintiff suffered monetary loss in excess of $5,000 in responding to and investigating Defendants' aforementioned conduct.

## COUNT II
### Plaintiff v. Defendants
### Violation of the New Jersey Computer Related Offenses Act

44. Plaintiff repeats and realleges each and every foregoing allegation as if fully set forth at length herein.

45. Defendants purposely, knowingly, and without authorization attempted to and did access Plaintiff's computers, computer systems, and/or computer networks.

46. Defendants purposely, knowingly, and without authorization took data from Plaintiff's computer software, computer programs, computer networks, and/or computer systems.

47. Defendants purposely, knowingly, and without authorization altered Plaintiff's data, data bases, computer programs, computer software, and/or computer networks.

48. Defendants' conduct was done intentionally, wantonly, willfully, maliciously and in willful and reckless disregard to the rights of Plaintiff.

49. As a result of Defendants conduct, Plaintiff suffered damages to its business.

## COUNT III
### Plaintiff v. Defendants
### Civil Conspiracy to Violate Federal Law

50. Plaintiff repeats and realleges each and every foregoing allegation as if fully set forth at length herein.

51. Defendants agreed and conspired to access Plaintiff's protected computers, without authorization and/or in excess of their authorization, for the purpose of taking records, data, and information belonging to Plaintiff, in violation of Federal law.

52. Defendants did act in concert to access Plaintiff's protected computers, without authorization and/or in excess of their authorization, and took records, data, and information belonging to Plaintiff, in violation of Federal law.

53. Defendants accessed Plaintiff's protected computers without authorization and/or in excess of authorization purposely, willfully, and intentionally.

54. Defendants' conduct was intentional, willful, wanton, malicious, and in willful and reckless disregard to the rights of Plaintiff.

55. As a result of Defendants conduct, Plaintiff suffered damages.

## COUNT IV
### Plaintiff v. Defendants
### Civil Conspiracy to Violate New Jersey Law

56. Plaintiff repeats and realleges each and every foregoing allegation as if fully set forth at length herein.

57. Defendants agreed and conspired to purposefully and knowingly, without authorization, attempt to access and did access Plaintiff's computer, computer systems, and/or computer networks.

58. Defendants agreed and conspired to purposefully and knowingly, without authorization, take data from Plaintiff's computer software, computer programs, computer networks, and/or computer systems.

59. Defendants agreed and conspired to purposefully and knowingly, without authorization, alter data from Plaintiff's computer software, computer programs, computer networks, and/or computer systems.

60. Defendants agreed and conspired to purposefully and knowingly, without authorization, access and alter Plaintiff's data, data bases, computer, computer program, computer software, computer systems and/or computer network.

61. Defendants did purposefully and knowingly, without authorization, take data from Plaintiff's computer, computer system and/or computer network in violation of New Jersey law.

62. Defendants did purposefully and knowingly, without authorization, alter data from Plaintiff's computer software, computer programs, computer networks, and/or computer systems.

63. Defendants did purposefully and knowingly, without authorization, attempt to access and did access Plaintiff's computer software, computer programs, computer networks, and/or computer systems in violation of New Jersey law.

64. Defendants did purposefully and knowingly, without authorization, access and alter Plaintiff's data, data bases, computer, computer program, computer software, computer systems and/or computer networks in violation of New Jersey law.

65. Defendants' conduct was intentional, willful, wanton, malicious, and in willful and reckless disregard to the rights of Plaintiff.

66. As a result of Defendants' aforementioned conduct, Plaintiff suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

A. On Count I, awarding Plaintiff damages in favor of Plaintiff and against Defendants in an amount to be determined at trial.

B.   On Count II, awarding Plaintiff damages, including compensatory and punitive damages, in an amount to be determined at trial plus reasonable attorneys' fees, costs of investigation, and costs of litigation.

C.   On Count III, awarding Plaintiff damages, including punitive damages, in favor of Plaintiff and against Defendants in an amount to be determined at trial.

D.   On Count IV, awarding Plaintiff damages, including punitive damages, in favor of Plaintiff and against Defendants in an amount to be determined at trial.

E.   Enjoining Defendants from any further accessing or attempting to access Plaintiff's records, data, or information, and requiring Defendants to return or destroy all records, information, or data of Plaintiff's, and all copies of the same.

F.   Granting Plaintiff such other and further relief as the Court deems just and proper.

By: _____
BRETT E.J. GORMAN
PARKER McCAY P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054
(856) 596-8900
Attorney for Plaintiff, Harrison
Township Board of Education

Dated: February 13, 2020

4826-2326-1617, v. 1